# BALTIMORE CITY COURT.

Filed June 3, 1912.

STATE OF MARYLAND, EX RELATOR WILLIAM E. SCHUL,

VS.

STEPHEN C. LITTLE, CLERK OF THE SUPERIOR COURT OF BALTIMORE CITY.

*Myer Rosenbush* and *J. Cookman Boyd* for petitioner.

*Benj. H. McKindless.* Assistant City Solicitor, and *Eugene O'Dunne* for respondent.

DOBLER, HEUISLER and DAWKINS, JJ.—

The petitioner, William E. Schul, was, together with a number of others, appointed by the Mayor and City Council of Baltimore to the office of constable by an ordinance dated March 19, 1912. This ordinance was passed pursuant to the requirements of the then existing law as set out in section 206 of the Charter of Baltimore city, which provided that "there shall be two constables for every ward of the city of Baltimore, who shall be appointed by the Mayor and City Council of Baltimore and hold their offices for two years. Their duties and compensation shall be the same as are now or may hereafter be prescribed by law or ordinances." This provision of the City Charter was the legal prescription as to constables and their number which followed the mandate as set out in Section 42 of Art. 4 of the Constitution of Maryland that "the Mayor and City Council of Baltimore *shall* appoint such number of constables for the wards of the city of Baltimore as are now or may hereafter be prescribed by law, and constables so appointed *shall be subject to removal* by the Judges having criminal jurisdiction in the city for incompetency, wilful neglect of duty or misdemeanor in office, *on conviction* in a court of law. The *constables* so appointed and commissioned shall be con-

servators of the peace; *shall hold their office for two years*, and shall have such duties and compensation as hath been heretofore exercised or shall be hereafter prescribed by law." The petitioner, Schul, after the passage of the ordinance of March 19, 1912, did on the 6th day of April, 1912, following the usual practice, make application in the clerk's office of the Superior Court of Baltimore city for the certificate of his said appointment as constable, tendering himself ready to take the necessary prerequisite oath, but did not obtain and was refused the same. This application of the petitioner was made after he had been informed by another of the appointees under the ordinance of March 19, 1912, that the said ordinance had been duly and finally passed. The deputy clerk of the Superior Court, having charge of these matters, does not recall the specific visit and request of the petitioner as above stated, but does not deny the fact, but does say that the certificate was not issued. Subsequently on the 13th day of May, 1912, the petitioner again presented himself before the clerk of the Superior Court, Stephen C. Little, Esq.; formally exhibited a certified copy of the ordinance aforesaid, and tendered himself as ready to comply with all the necessary prerequisites, and requested from said clerk the usual certificate of his appointment as constable, which request was by said clerk refused. The first application made by the petitioner for his certificate was within thirty days from the *date* of the passage of the ordinance aforesaid; the second application was considerably more than thirty days thereafter. We are of opinion that neither of these applications are material, in the solution of this controversy. It is provided by Section 11 of Article 70 of the Public General Laws of Maryland, that "any person whether elected or appointed to office who shall decline or neglect to take and subscribe the oaths prescribed by the Constitution or by-law or ordinance for the period of thirty days from the day when the commission of such officer has been received at the office of the respective clerks, *or in those cases in which no commission is sent to the clerks*, within thirty days after receiving his commission *or notice of his appointment*, shall be deemed to have refused said office." We are clearly of opinion that the

words "notice of his appointment" must mean an official notice, and there is an entire absence of proof in this case that any official notice ever came to the petitioner of his appointment to office, and he cannot be held ever to have refused the same. Recalling the reference made to the Constitution, the City Charter and the ordinance of March 19, 1912, we are of the opinion that the only inquiry in this case necessary under the proceedings is plainly and easily answered. The office of constable in Maryland is created by the Constitution of the State, and the tenure of said office is also fixed by the Constitution of the State for the term of two years. The City Charter, as further required by the Constitution of the State, designated the number of constables for the wards of the city of Baltimore and the Mayor and City Council of Baltimore on March 19, 1912, by a proper and valid ordinance, named the appointees to this office created by the Constitution, and the petitioner, William E. Schul, was one of these appointees.

The legislature of Maryland by the Act of 1912, commonly known as the "People's Court Law," has among other things repealed Sec. 206 of the City Charter and changed the number of constables in Baltimore city. Legislative enactments can not affect the vested tenure of office given to the constables duly appointed under section 42 of Article 4 of the Constitution of Maryland. The right to the office and to the two years' tenure thereof is in the person properly appointed under the constitutional provisions and that right and tenure can only be divested, as provided by the Constitution, by "removal by Judges having criminal jurisdiction in the city for *incompetency, wilful neglect of duty, or misdemeanor in office on conviction in a court of law.*"

The petitioner was validly appointed; he has never refused the office to which he was so validly appointed; he has not been removed as provided by the Constitution of the State of Maryland; he can not be removed in any other way, and he is entitled to be permitted to qualify. It is therefore ordered by the Baltimore City Court this third day of June, 1912, that the demurrer of the petitioner to the ninth paragraph of the answer be sustained and that the writ of mandamus issue as prayed.